THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

|   |   |   |
|---|---|---|
| DONALD K. ALEXANDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:12-cv-04104-NKL |
| v. | ) | |
| | ) | |
| MEDTRONIC, INC. and | ) | |
| CH ALLIED SERVICES, INC. (DBA | ) | |
| BOONE HOSPITAL CENTER) | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court are Plaintiff Donald Alexander's motions for recusal. [Doc. # 27], change of venue [Doc. # 26], and reconsideration of the Court's order dated June 6, 2012 [Doc. # 28]. Also pending is the voluntary dismissal of co-plaintiffs Gary Lee Patterson and George Dalton [Doc. # 29]. For the following reasons, the Court DENIES Alexander's motions for recusal, change of venue, and reconsideration. The Court GRANTS the voluntary dismissal with prejudice of co-plaintiffs Gary Lee Patterson and George Dalton.

**I.      Background**

Plaintiff Donald Alexander claims that Defendant Medtronic, and others, negligently implanted him with a defective defibrillator lead, and that Medtronic engaged in bribery, illegal false statements, and illegal kickbacks in doing so. Prior to filing this

1

lawsuit, Alexander filed three separate lawsuits against Medtronic, all arising from Medtronic's role in implanting an allegedly defective defibrillator lead in Alexander. Alexander's third such case was originally filed in this Court and claimed damages under civil RICO, medical negligence, false advertising and consumer fraud, vicarious liability, and conspiracy. Case No. 10-04081-CV-C-NKL, Doc. # 1 at 1.

All three of these cases were eventually resolved in the District of Minnesota where they were dismissed because they were barred by a settlement agreement between Alexander and Medtronic.

Alexander then filed the current lawsuit against Medtronic in Missouri state court, arguing that Medtronic's role in implanting an allegedly defective defibrillator entitled Alexander to damages for criminal conspiracy, bribery, fraud, and gross medical negligence. Medtronic removed the action to this Court. Alexander moved for remand to state court, arguing that the case was improperly removed.[1] The Court denied this motion.

Alexander now seeks my recusal or a change of venue claiming that I am biased against him. Alexander also requests reconsideration of the Court's order, dated June 6, 2012, denying his motion for remand to state court.

## II. Discussion

### A. Recusal

---

[1] Alexander's motion did not explicitly ask for remand to state court, but was rather captioned as a motion to dismiss. [Doc #14]. The Court determined from Alexander's briefing, however, that it was apparent that Alexander wanted the case to continue, but viewed removal to federal court as improper. Consequently, the Court treated Alexander's motion as a motion for remand to state court.

2

Alexander argues that recusal is necessary under 28 U.S.C. sections 455 and 144 due to references Medtronic made to certain, prior cases concerning Alexander. Alexander claims that the undersigned has personal knowledge of the events leading up to the decisions cited by Medtronic and that Medtronic successfully influenced the undersigned by referring to these cases. Medtronic responds that Alexander's motion should be denied because it is untimely and without merit.

### 1. Failure to Comply with Section 144

Alexander's claim, insofar as it invokes section 144, must fail. A party seeking recusal under section 144 must file a timely and sufficient affidavit accompanied by a certificate from counsel of record stating that the affidavit is made in good faith. 28 U.S.C. § 144 (2012). A motion for recusal based on section 144 must strictly comply with these requirements. *In re Medlock*, 406 F.3d 1066, 1073 (8th Cir. 2005) ("An affidavit must strictly comply with all of the statutory requirements before it will effectively disqualify a judge." (quoting *United States v. Anderson*, 433 F.2d 856, 859 (8th Cir. 1970)); *see also Holloway v. United States*, 960 F.2d 1348, 1354-55 (8th Cir. 1992) (quoting *United States v. Faul*, 748 F.2d 1204, 1210 (8th Cir. 1984)).

Alexander's motion does not contain an affidavit, a sworn declaration, or any statement that the allegations contained in the motion were made under penalty of perjury. Alexander also did not submit a certificate of any kind. This is ground for

3

denial regardless of whether, as Medtronic contends, a *pro se* litigant such as Alexander is absolutely barred from using section 144.[1]

### 2. Timeliness

Alexander's motion for recusal is also denied as untimely. A motion for recusal "will not be considered unless timely made." *Tri-State Fin. v. Lovald*, 525 F.3d 649, 653 (8th Cir. 2008) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)); *see also In re Kan. Pub. Emps. Ret. Sys.*, 85 F.3d 1353, 1360 (8th Cir. 1996) ("[O]ur circuit has consistently required timely action as to [section] 455 in general, i.e., as to both (a) and (b)."); *Holloway*, 960 F.2d at 1355 ("Relief under section 144 is expressly conditioned on the timely filing of a legally sufficient affidavit." (quoting *Faul*, 748 F.2d at 1210)). "'Timeliness requires a party to raise a claim at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim.'" *White v. Nat'l Football League*, 585 F.3d 1129, 1138 (8th Cir. 2009) (quoting *Fletcher*, 323 F.3d at 664). An untimely motion for recusal can be denied "on this basis alone." *Tri-State Fin*, 525 F.3d at 654.

Alexander's motion is based on the undersigned's personal knowledge of a series of alleged events that date back over twenty years. Nonetheless, Alexander waited nearly

---

[1] Some courts have held that the required certificate of good faith from counsel of record prevents *pro se* litigants from seeking recusal under section 144. *E.g.*, *Green v. Stevenson*, No. 12-432, 2012 WL 2154123, at *2 (E.D. La. June 13, 2012); *Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996) (citing *Mitchell v. United States*, 126 F.2d 550, 552 (10th Cir. 1942)). The Court need not reach this issue, however, because Alexander did not even attempt to comply with the statutory requirements.

4

three months, until after the Court denied Alexander's contested motion to dismiss, before moving for recusal. Alexander provides no persuasive explanation for this delay. *See Holoway*, 960 F.2d at 1355 ("The burden is on the affiant to show good cause for failing to file a timely motion.").

In addition, the timing of Alexander's motion is highly suspect. A motion to recuse "should not be withheld as a fallback position to be asserted only after an adverse ruling." *White*, 585 F.3d at 1141; *see also Tri-State Fin.*, 525 F.3d at 653 ("A party is required to bring its recusal motion promptly to avoid the risk that the party might hold its application as an option in the event the trial court rules against it."). Alexander's motion for recusal was filed almost immediately after the Court denied his motion to remand for lack of subject matter jurisdiction.

Alexander's motion, based on alleged facts Alexander knew about from the very start of these proceedings, is thus untimely and apparently motivated by litigation strategy. Alexander's motion for recusal is denied.

### 3. Merits

Even if Alexander's motion were timely, it would fail on its merits. Alexander relies first on 28 U.S.C. section 455(a), which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The standard for recusal under section 455(a) is objective: whether a reasonable person with knowledge of the circumstances would question the judge's impartiality. *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir 2009).

5

Alexander also relies on 28 U.S.C. sections 455(b) and 144, which both provide for recusal where a judge has "a personal bias or prejudice" against the moving party. In assessing this type of claim, the Court considers only the legal sufficiency of the claim, not its factual merit. *Souder v. Owens-Corning Fiberglas Corp.*, 939 F.2d 647, 653 (8th Cir. 1991). Nonetheless, to succeed on a personal bias claim, the moving party must "'allege specific facts and not mere conclusions or generalities.'" *Anderson*, 433 F.2d at 860 (8th Cir. 1970) (quoting *Brotherhood of Locomotive Fireman & Enginemen v. Bangor & Aroostook R.R.*, 380 F.2d 570, 576 (D.C. Cir. 1967)). Furthermore, "[b]ecause a judge is presumed to be impartial, 'the party seeking disqualification bears the substantial burden of proving otherwise.'" *United States v. Dehghani*, 550 F.3d 716, 721 (8th Cir. 2008) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)). The moving party thus "carries a heavy burden of proof." *Fletcher*, 323 F.3d at 664 (quoting *Pope v. Fed. Express Corp.*, 974 F.2d 982, 985 (8th Cir. 1992)).

Nothing in Alexander's motion would lead a reasonable person with knowledge of the circumstances to doubt the undersigned's impartiality in the present case. Nor does Alexander provide any specific facts tending to show that the undersigned was improperly influenced by Medtronic in the prior proceedings. Alexander argues only that Medtronic's attorney, in an attempt to influence the undersigned, "introduced into the record before this Court" certain references to Alexander's litigation history. But "opinions formed by the judge on the basis of facts introduced . . . in the course of the current proceedings, . . . do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment

6

impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Alexander states that the alleged attempt to influence the Court "apparently worked." But Alexander provides no facts to support this conclusory accusation or demonstrate the deep-seated partiality required by *Liteky*. A judge is presumed to remain impartial in the face of each party's most persuasive attempts to influence her decision and Alexander offers nothing to counter that presumption. Alexander's motion for recusal is thus insufficient on its merits.

### 4. Obligation Not to Recuse

Where a party moves for recusal but the rules do not require it, the judge is obligated not to recuse herself. *See Sw. Bell Tel. Co. v. FCC*, 153 F.3d 520, 523 (8th Cir. 1998) (Hansen, J., in chambers); *Holloway*, 960 F.2d at 1350-51 (8th Cir. 1992) ("Judges have an affirmative duty: . . . 'not to disqualify themselves unnecessarily.'") (quoting *Davis v. Comm'r of Internal Revenue*, 734 F.2d 1302, 1303 (8th Cir. 1984) (per curiam)); *Anderson*, 433 F.2d at 859 ("When an affidavit does not meet the requirements imposed by law, the judge has an obligation not disqualify himself.").

Because Alexander's motion does not require recusal under either section 144 or section 455, the undersigned is obligated not to recuse. The Court thus denies Alexander's motion for recusal.

### B. Change of Venue

Alexander argues that the present case ought to be transferred to the Springfield Division due to the judicial bias alleged in Alexander's motion for recusal. Because this

7

Case 2:12-cv-04104-NKL   Document 36   Filed 08/27/12   Page 7 of 10

is Alexander's only argument in support of a transfer, Alexander's motion for a change of venue is in large part identical to his motion for recusal. *Compare* [Doc. # 26 at 2-8], *with* [Doc. # 27 at 2-8]. The only meaningful difference between the two motions is the requested relief. Consequently, because the Court finds that Alexander's claim of judicial bias is without merit, as discussed above, Alexander's motion for a change of venue is denied.

It appears from Alexander's briefings that Alexander's motion for change of venue is confined to the same narrow claim of bias as Alexander's motion for recusal. To the extent, however, that Alexander further alleges a broader conspiracy of judicial bias against him, the Court notes that Alexander's motion contains the same accusations the Missouri Supreme Court rejected as "unsupported" and "unfounded" in *In re Alexander*. 807 S.W.2d 70, 72-74. As such, the Court finds no merit in Alexander's claim of widespread judicial bias.

### C. Reconsideration of the Court's June 6, 2012 Order

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). A motion for reconsideration "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Alexander's motion for reconsideration simply restates the same arguments he previously made. With respect to the Court's denial of Alexander's motion to remand for

8

Case 2:12-cv-04104-NKL    Document 36    Filed 08/27/12    Page 8 of 10

lack of subject matter jurisdiction, Alexander repeatedly asserts that his complaint raises no federal question. In the June 6, 2012 order, the Court expressly considered and rejected this argument. Similarly, Alexander repeatedly asserts that all of his claims are state tort law claims. In the June 6, 2012 order, the Court considered this argument and found that, even if it were true, the Court would still have subject matter jurisdiction because Alexander's tort law claims all turn on whether Medtronic violated federal law. With respect to the portion of the Court's order granting Medtronic's motion to stay, Alexander likewise makes no argument he did not make, or could not have made, in his earlier briefings on this motion. Alexander offers nothing to suggest that the Court's conclusions on these issues represent manifest errors of law.

Consequently, the Court denies Alexander's motion for reconsideration of the Court's order dated June 6, 2012.

### D. Voluntary Dismissal of Co-Plaintiffs

Co-plaintiffs Gary Lee Patterson and George Dalton seek voluntary dismissal with prejudice of their claims in this case, with all parties to pay their own costs incurred to date. Medtronic does not object to this dismissal. Consequently, the Court grants the voluntary dismissal with prejudice of co-plaintiffs Gary Lee Patterson and George Dalton.

## III. Conclusion

For the foregoing reasons, it is ORDERED that Plaintiff Donald Alexander's Motions for recusal of Judge Nanette K. Laughrey [Doc. # 27], change of venue [Doc. #

9

26], and reconsideration of the Court's order dated June 6, 2012 [Doc. # 28] are DENIED.  The voluntary dismissal with prejudice of co-plaintiffs Gary Lee Patterson and George Dalton [Doc. # 29] is GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated:  August 27, 2012
Jefferson City, Missouri